No. 24-50135

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Texas Tribune; Mano Amiga; Caldwell/Hays Examiner,
Plaintiffs - Appellees

v.

Caldwell County, Texas; Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate; Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Mike Lane, in his official capacity as the Sheriff of Caldwell County,
Defendants – Appellants

---

On Appeal from the United States District Court for the
Western District of Texas, Austin Division
Civil Action No. 1:23-CV-910-RP
The Honorable Robert Pitman, Judge Presiding

---

## BRIEF OF APPELLANTS

---

J. Eric Magee
SBN: 24007585
ALLISON, BASS & MAGEE, L.L.P.

1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
Email: e.magee@allison-bass.com
*Counsel for Appellants*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Caldwell/Hays Examiner | Camilla Hsu of Texas Fair Defense Project Austin, TX |
| Caldwell/Hays Examiner | Scott Wilkens of Knight First Amendment Institute at Columbia University New York, NY |
| Mano Amiga | Camilla Hsu of Texas Fair Defense Project Austin, TX |
| Mano Amiga | Scott Wilkens of Knight First Amendment Institute at Columbia University New York, NY |
| Texas Tribune | Julie Ford of George Brothers Kincaid & Horton, L.L.P. Austin, TX |
| Texas Tribune | Scott Wilkens of Knight First Amendment Institute at Columbia University New York, NY |

| Appellants: | Counsel for Appellants: |
|---|---|
| Caldwell County, Texas | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |
| Shanna Conley | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |
| Anita DeLeon | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |
| Trey Hicks | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |
| Matt Kiely | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |

| Mike Lane | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |
| Yvette Mireles | Jason Eric Magee of Allison, Bass & Magee, L.L.P. Austin, TX |

/s/ J. Eric Magee
J. Eric Magee, Attorney of record for
*Defendants – Appellants*

## STATEMENT REGARDING ORAL ARGUMENT

Appellants Caldwell County, Texas; Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate; Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; and Mike Lane, in his official capacity as the Sheriff of Caldwell County, request the opportunity to present oral argument to assist in the presentation of the issues and because the decisional process would be aided by oral argument.

# TABLE OF CONTENTS

BRIEF OF APPELLANTS ............................................................................ i

CERTIFICATE OF INTERESTED PERSONS ........................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................ iv

TABLE OF CONTENTS ............................................................................ v

TABLE OF AUTHORITIES ................................................................... vii

JURISDICTIONAL STATEMENT .......................................................... 1

STATEMENT OF THE ISSUES ............................................................... 1

STATEMENT OF THE CASE .................................................................. 2

   A.  NATURE OF THE CASE AND FACTS RELEVANT TO THE ISSUES
      SUBMITTED FOR REVIEW ............................................................ 2

   1.  Cause of Action ............................................................................... 2

   2.  Relevant Facts to Appeal ............................................................... 3

   B.  COURSE OF PROCEEDINGS ...................................................... 4

   C.  DISPOSITION ................................................................................. 7

   D.  APPEAL ........................................................................................... 6

SUMMARY OF THE ARGUMENT ....................................................... 6

ARGUMENT .............................................................................................. 7

   A.  Plaintiffs have failed to establish Federal-Court Jurisdiction over their Claims
      ........................................................................................................... 7

B.  Plaintiffs cannot show a substantial likelihood of success on the merits; thus, the district court abused its discretion in granting Plaintiffs' preliminary injunction. ...................................................................................14

CONCLUSION .........................................................................................20

CERTIFICATE OF SERVICE.................................................................21

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................22

# TABLE OF AUTHORITIES

Cases

*Barber v. Bryant*, 860 F.3d 345 (5th Cir. 2017) ........................................................7

*Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63 (5th Cir. 1990) ...............................................................15

*Boening v. State,* 422 S.W.2d 469 (Tex.Cr.App.1968) ...........................................12

*Bustillos v. State,* 490 S.W.2d 563 (Tex.Cr.App.1973)............................................12

*Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir.1974)............................................14

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)................................................7

*Daves v. Dallas Cnty., Tex.*, 22 F.4th 522 (5th Cir. 2022) .......................................7

*Davis v. Federal Elec. Comm'n*, 554 U.S. 724 (2008)................................................8

*El Vocero de P.R. v. Puerto Rico*, 508 U.S. 147 (1993) (per curiam ......................16

*Enterprise Intern., Inc., v. Corp. Estatal Petrolera Ecuatoriana*, 764 F.2d 464 (5th Cir. 1985).........................................................15

*Fitzgerald v. Adv. Spine Fixation Sys., Inc*, 996 S.W.2d 864 (Tex. 1999)............11

*Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596 (1982)......23

*In re Hall,* 286 S.W.3d 925 (Tex.2009)....................................................................19

*In re M.N.,* 262 S.W.3d 799 (Tex.2008)...................................................................14

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357 (5th Cir.2003) ...............................................14

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, (1992) ......................................................7

*Miller v. Mississippi Res., LLC*, No. 5:17-CV-41-DCB-MTP, 2017 WL 2772097 (S.D. Miss. June 26, 2017) ...............................................15

*Press-Enterprise Co. v. Superior Ct. of Cal. (Press-Enterprise I)*, 464 U.S. 501 (1984)............................................................15

*Press-Enterprise Co. v. Superior Ct. of Cal. (Press-Enterprise II)*, 478 U.S. 1 (1986) ........................................................................16

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ...................... passim

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432 (Tex. 2011) ...............11

*Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020).....................................................7

*Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781 (S.D. Miss. 2011) . 17, 18

*U.S. Bank Nat'l Ass'n. v. Lakeview Retail Prop. Owner, LLC*, 2016 WL 626548 (S.D. Miss. Feb. 16, 2016) ...............................................7

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983)...........................................16

*Watson v. State*, 762 S.W.2d 591 Fn. 4 (Tex. Crim. App. 1988) ...........................12

Statutes

28 U.S.C. § 1292(a)(1) ........................................................................1
Tex. Code Crim. Proc. Ann. Art. 14.06(a) ....................................... passim
Tex. Code Crim. Proc. Ann. Art. 15.17 ............................................. passim
Tex. Code Crim. Proc. Ann. Art. 26.01 .................................................12
Tex. Code Crim. Proc. Ann. Art. 26.02 .................................................12
Tex. Gov't. Code Ann. §§25.0301 & 25.0302 ........................................4
U.S. CONST. art. III ...........................................................................7

**TO THE HONORABLE COURT OF APPEALS:**

Defendants – Appellants file their brief and, in support thereof, respectfully show the following:

## JURISDICTIONAL STATEMENT

The district court granted Plaintiffs-Appellees Texas Tribune, Mano Amiga and Caldwell/Hays Examiner's Motion for Preliminary Injunction enjoining Defendants-Appellants "from (a) enforcing their policy of closing all magistration proceedings under Article 15.17 to the press and public and (b) from closing any magistration proceeding, except in extraordinary circumstances and as constitutionally permitted, under 15.17 without first providing reasonable notice and an opportunity to be heard, as practicable." ROA.185-186. This Court has appellate jurisdiction as the district court's order granting a preliminary injunction is immediately appealable. *See* 28 U.S.C. § 1292(a)(1).

## STATEMENT OF THE ISSUES

1. Whether Plaintiffs allege a justiciable controversy to establish that they have standing.

2. Whether Plaintiffs have established a substantial likelihood of proving at trial that magistrations in Caldwell County violate the First Amendment and/or Fourteenth Amendment.

3. Whether the district court abused its discretion in granting Plaintiffs' preliminary injunction.

## STATEMENT OF THE CASE

**A.   NATURE OF THE CASE AND FACTS RELEVANT TO THE ISSUES SUBMITTED FOR REVIEW**

### 1.     Cause of Action

Plaintiffs-Appellees Texas Tribune, Mano Amiga, and Caldwell/Hays Examiner ("Plaintiffs") filed their Original Complaint for Declaratory and Injunctive Relief against Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge, the Honorable Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County (collectively, "Defendants" or "Caldwell County Defendants"). ROA.8-22. Plaintiffs allege that the Caldwell County Defendants violated the First Amendment of the United States Constitution by barring the press and public from access to magistration proceedings and violated the Fourteenth Amendment of the United

2

States Constitution by failing to provide the press and public with notice and an opportunity to be heard prior to the closure of magistration proceedings. ROA.20-21. Plaintiffs seek a declaration that "Defendants' blanket closure of magistration proceedings in Caldwell County violates Plaintiffs' First Amendment right of access to judicial proceedings and Plaintiffs' Fourteenth Amendment right to procedural due process" and requests that the district court "[r]equire Defendants to rescind their blanket closure policy and provide the press and public with access to all magistration proceedings, with closure of specific proceedings permitted only if Defendants meet the substantive and procedural requirements of the First and Fourteenth Amendments." ROA.21.

On September 27, 2023, Plaintiffs filed a Motion for a Preliminary Injunction. ROA.58-81. Specifically, Plaintiffs requested that the district court "enter a preliminary injunction prohibiting Defendants from enforcing their policy of closing magistration proceedings to the press and public, and from closing any arrestee's magistration without first complying with all constitutional requirements." ROA.80.

    **2.    Relevant Facts to Appeal**

    a.  Plaintiffs are identified as follows:

- The Texas Tribune – a nonprofit, nonpartisan news organization;
- Mano Amiga – an advocacy organization; and
- Caldwell/Hays Examiner – a nonprofit local publication.

ROA.11-12.

    b.  The Honorable Trey Hicks is the duly elected County Court at Law Judge of Caldwell County pursuant to Texas Government Code §§25.0301 & 25.0302.

    c.  The Honorable Matt Kiely is the duly elected Precinct 1, Justice of the Peace of Caldwell County.

    d.  The Honorable Shanna Conley is the duly elected Precinct 2, Justice of the Peace of Caldwell County.

    e.  The Honorable Anita DeLeon is the duly elected Precinct 3, Justice of the Peace of Caldwell County.

    f.  The Honorable Yvette Mireles is the duly elected Precinct 4, Justice of the Peace of Caldwell County.

    g.  The Honorable Mike Lane is the duly elected Sheriff of Caldwell County.

    h.  The presentation of an arrestee before a magistrate is described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17.

## B.   COURSE OF PROCEEDINGS

On August 3, 2023, Plaintiffs filed their Original Complaint for Declaratory and Injunctive Relief against the Caldwell County Defendants. ROA.8-22. Further, Plaintiffs filed a Motion for Preliminary Injunction on September 27, 2023. ROA.58-81.

The Caldwell County Defendants filed their Original Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief on October 13, 2023. ROA.119-123. On October 30, 2023, the Caldwell County Defendants filed a motion for judgment on the pleadings/motion to dismiss asserting that Plaintiffs lacked standing

and that any manufactured injury was insufficient to confer Plaintiffs with Article III standing. ROA.127-139. In the motion, the Caldwell County Defendants included their response to Plaintiffs' motion for preliminary injunction. ROA.127-139. Plaintiffs filed a response in opposition to the motion for judgment on the pleadings. ROA.142-150. On November 13, 2023, the Caldwell County Defendants filed their reply to Plaintiffs' response. ROA.153-159.

The district court set a preliminary injunction hearing for November 29, 2023. ROA.141; ROA.219-262.

## C.    DISPOSITION

On February 5, 2024, the Honorable Robert Pitman entered the district court's Order. ROA.169-186. Specifically, the district court granted Plaintiffs' motion for preliminary injunction and preliminarily enjoined the Caldwell County Defendants "from (a) enforcing their policy of closing all magistration proceedings under Article 15.17 to the press and public and (b) from closing any magistration proceeding, except in extraordinary circumstances and as constitutionally permitted, under Article 15.17 without first providing reasonable notice and an opportunity to be heard, as practicable." ROA.186.

The district court denied the Caldwell County Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (ROA.127-139) asserting that the district court lacked subject matter jurisdiction. ROA.186

**D.   APPEAL**

On February 26, 2024, the Caldwell County Defendants filed their Notice of Appeal concerning the district court's Order entered on February 5, 2024, granting Plaintiffs' Motion for Preliminary Injunction and denying their motion to dismiss. ROA.187-208.

## SUMMARY OF THE ARGUMENT

In the present case, Plaintiffs are attempting to have the Court issue an advisory opinion addressing the presentation of an arrestee before a magistrate and engraft additional "mandates" into Texas Code of Criminal Procedure, article 15.17. As Plaintiffs lack Article III standing, the district court was prevented from issuing its advisory opinion granting Plaintiff's motion for preliminary injunction. In this case of first impression, the district court lacked subject matter jurisdiction in granting Plaintiffs' motion for preliminary injunction concerning whether the press and public have access to presentation of an arrestee before a magistrate or whether the press and public are entitled to notice and an opportunity to be heard related to not having access to be present during these communications. Even if Plaintiffs were able to establish that the Court had jurisdiction, Plaintiffs are not entitled to injunctive relief has they failed to show a substantial likelihood of success on the merits.

## ARGUMENT

### A. Plaintiffs have failed to establish Federal-Court Jurisdiction over their Claims.

The subject-matter jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 541–42 (5th Cir. 2022) (*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Specifically, Plaintiffs "must demonstrate 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.*; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

The courts have determined that the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561). At the preliminary-injunction stage, "the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction." *Id.* (*quoting Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). "[A] plaintiff must demonstrate standing for each claim he seeks to press and

for each form of relief that is sought." *Id.* (quoting *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734 (2008)(internal citation omitted).

Here, Plaintiffs allege that they have a "presumptive First Amendment right to access to magistration in Caldwell County." ROA. 20. Specifically, Plaintiffs allege that "the Caldwell County Magistrates do not provide the press or public with notice of when magistration will occur or of the names of the arrestees to be magistrated." ROA.16. Plaintiffs assert that

> [t]he Caldwell County Magistrates maintain an administrative policy barring all members of the press and public from observing magistration proceedings. This includes family members and friends, who must wait to learn whether their loved ones will be detained pending trial, based on a proceeding held behind closed doors. The Caldwell County Sheriff enforces this blanket closure by maintaining a policy prohibiting access to the jail for the purpose of observing magistration.

> The blanket closure of magistration and the lack of notice deprive Plaintiffs and all other members of the press and public of the opportunity.

> Given the Magistrates' and Sheriff's closure of all magistration in the County, the Magistrates have not made the constitutionally required on-the-record findings that the closure of any particular magistration is narrowly tailored to serve a compelling interest, and that reasonable alternatives would be inadequate.

> Defendants have chosen to hold magistration in a location that, as currently configured, cannot accommodate observers.

8

ROA.16-17. Further, Plaintiffs allege that "[t]he Fourteenth Amendment guarantees the press and public, including Plaintiffs, the procedural due process right to notice and an opportunity to be heard before a magistration proceeding is closed." ROA.21.

The substance of Plaintiffs' claims is clearly an attempt to challenge a state statute, Texas Code of Criminal Procedure, Article 15.17, disguised as a claim against the Caldwell County Defendants. Plaintiffs' requested preliminary injunction caused the district court to err by essentially issuing an advisory opinion interpreting Article 15.17 and engrafting additional "mandates" into Article 15.17.

In Texas, an arresting officer or the person having custody of the arrestee shall take the arrestee or have him taken without unnecessary delay, but not later than 48 hours after the arrest, before the magistrate. The Texas Code of Criminal Procedure provides that when an arrest is made without a warrant,

> the person making the arrest or the person having custody of the person arrested shall take the person arrested or have him taken without unnecessary delay, but not later than 48 hours after the person is arrested, before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in any other county of this state. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

See Tex. Code Crim. Proc. Ann. Art. 14.06(a). Similarly, Article 15.17 provides, in part, that:

9

the person making the arrest or the person having custody of the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, to provide more expeditiously to the person arrested the warnings described by this article, before a magistrate in any other county of this state. The arrested person may be taken before the magistrate in person or the image of the arrested person may be presented to the magistrate by means of a videoconference.

*See* Tex. Code Crim. Proc. Ann. Art. 15.17(a). The term "'videoconference' means a two-way electronic communication of image and sound between the arrested person and the magistrate and includes secure Internet videoconferencing." *Id.*

There is no statutory term or phrase for the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17. Further, there is no statutory definition of a "magistration"; however, the Code of Criminal Procedure provides that "[i]t is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment." *Id.* at Art. 2.10. Further, the magistrate must perform those duties prescribed by Article 15.17 when an arrestee is taken before them. *Id.* at Art. 15.17.

The statutory language clearly provides that "[a] record of the communication between the arrested person and the magistrate shall be made. The record shall be preserved until the earlier of the following dates: (1) the date on which the pretrial

10

hearing ends; or (2) the 91st day after the date on which the record is made if the person is charged with a misdemeanor or the 120th day after the date on which the record is made if the person is charged with a felony." *Id.* at Art. 15.17(a). The Texas Legislature determined that the "record … may consist of written forms, electronic recordings, or other documentation as authorized by procedures adopted in the county under Article 26.04(a)." *Id.* at Art. 15.17(f).

"It is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Adv. Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (citation omitted); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012) ("Words should be given 'their ordinary, everyday meanings,' " unless the lawmaking body has provided a specific definition, or "the context indicates they bear a technical sense."). In Texas,

> [u]ndefined terms in a statute are typically given their ordinary meaning, but if a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *In re Hall,* 286 S.W.3d 925, 928–29 (Tex.2009). And if a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *Mega Child Care,* 145 S.W.3d at 177. We further consider statutes as a whole rather than their isolated provisions. *City of Sunset Valley,* 146 S.W.3d at 642. We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *In re M.N.,* 262 S.W.3d 799, 802 (Tex.2008).

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)

It is undisputed that the Texas Legislature has not defined the presentation of the arrestee before a magistrate as a "criminal proceeding", "criminal hearing" or "judicial proceeding"; instead, the Legislature clearly limits this "communication between the arrested person and the magistrate" to those duties prescribed in Article 15.17. This procedure described in Article 15.17 is not arraignment in Texas. *Watson v. State*, 762 S.W.2d 591, 594 Fn. 4 (Tex. Crim. App. 1988).

> Chapter 26 of the Texas Code of Criminal Procedure provides for arraignment in all felony cases, *after indictment* and all misdemeanor cases punishable by imprisonment. *See* Article 26.01, V.A.C.C.P. And arraignment takes place for the purpose of fixing a defendant's identity and hearing his plea. *See* Article 26.02, V.A.C.C.P. The time of arraignment and other procedures are set forth in the various articles contained in the said Chapter 26. *See Bustillos v. State,* 490 S.W.2d 563 (Tex.Cr.App.1973); *Boening v. State,* 422 S.W.2d 469, 473 (Tex.Cr.App.1968). Thus the said statutory arraignment in Texas is to be distinguished from the procedure prescribed by Article 15.17, supra, and the use of the term "arraignment" for this latter procedure is misleading. Whether correct or not, the terms "magistratized" or "magistrated" have come into common vogue in the Texas legal world to describe the Article 15.17, supra, procedure.

*Id*. Further, the procedures for the magistrate pursuant to Article 15.17 do not require or provide for access to the press and/or public at the presentation of an arrestee before the magistrate nor is there any provision for the press and/or public to receive notice or an opportunity to be heard related to the date, time, or location of the presentation of an arrestee before the magistrate. Further, these informal procedures

only entail those duties[1] prescribed by Texas Code of Criminal Procedure, Article 15.17; therefore, such informal procedures cannot be defined as "hearings" or "criminal proceedings" where an arrestee is represented by counsel, has the opportunity to present evidence and arguments to the criminal trial court, or cross-examine witnesses. The only statutory requirement is that if the magistrate decides to utilize videoconferencing, that the communication between the arrestee and the magistrate be a secure Internet videoconferencing with two-way electronic communication of image and sound between the arrested person and the magistrate. Tex. Code Crim. Proc. Ann. Art. 15.17(a). Finally, there is no statutory provision prescribing a specific location for the presentation of an arrestee (in person or videoconference) before the magistrate – only that the arrestee be "taken without unnecessary delay, but not later than 48 hours after the person is arrested." *Id*.

Plaintiffs cannot establish that the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17 requires that the press and public have access to those "communication(s) between the arrestee and the magistrate" or notice and an opportunity to be heard related to not having access to be present during these communications. Plaintiffs

---

[1] informing the arrestee, in part, "of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial… of his right to request the appointment of counsel…." Tex. Code Crim. Proc. Ann. Art. 15.17.

cannot manufacture an injury to confer Article III standing in an attempt to establish a hypothetical constitutional right under the First and Fourteenth Amendments of the Constitution to participate in Texas Code of Criminal Procedure, Art. 15.17 magistrations.

### B. Plaintiffs cannot show a substantial likelihood of success on the merits; thus, the district court abused its discretion in granting Plaintiffs' preliminary injunction.

As demonstrated above, the preliminary injunction was jurisdictionally invalid and Plaintiffs have no standing; thus, the Court should not reach the merits. If the Court decides to address the merits of Plaintiffs' claims, the Court must reverse the preliminary injunction because Plaintiffs' have not shown that they are likely to succeed on the merits or that they are likely to suffer irreparable harm.

The Fifth Circuit provides that "[a] preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir.2003) (citing *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974)). Specifically, preliminary injunctions are

"extraordinary and drastic" remed[ies], not to be granted routinely but only when the movant, by a clear showing, carries a burden of persuasion" on all elements. *U.S. Bank Nat'l Ass'n. v. Lakeview Retail Prop. Owner, LLC*, 2016 WL 626548, at *3 (S.D. Miss. Feb. 16, 2016) (quoting *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63 (5th Cir. 1990)); *see also Miss. Power & Light Co.*, 760 F.2d at 621 ("the decision to grant a preliminary injunction is to be treated as the exception rather than the rule"); *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011) ("the enormity of the relief is difficult to overstate"). To obtain pre-trial injunctive relief, the movant essentially must show "that [his] case is so particularly unusual, the strength of the case so particularly great, and the risk of incurable injury so particularly unbearable that the promise of a typical day in court ultimately will serve no practical purpose." *Trinity*, 844 F. Supp. 2d at 785. If the movant fails to carry its burden on any one of the four elements set forth above, the Court must deny the request for injunctive relief. *Enterprise Intern., Inc., v. Corp. Estatal Petrolera Ecuatoriana*, 764 F.2d 464, 472 (5th Cir. 1985).

*Miller v. Mississippi Res., LLC*, No. 5:17-CV-41-DCB-MTP, 2017 WL 2772097, at *2 (S.D. Miss. June 26, 2017). Plaintiffs have not and cannot met their burden of demonstrating an entitlement to this "extraordinary remedy."

The district court notes that "**[w]hile the specific question in this case—whether a First Amendment right to access magistrations in Texas exists—may be an issue of first impression, the Supreme Court has long recognized a First Amendment right of access to criminal trials and criminal pretrial proceedings**. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596 (1982); *Press-Enterprise Co. v. Superior Ct. of Cal. (Press-Enterprise I)*, 464 U.S. 501 (1984); *Press-Enterprise Co.*

15

*v. Superior Ct. of Cal. (Press-Enterprise II)*, 478 U.S. 1 (1986); *El Vocero de P.R. v. Puerto Rico*, 508 U.S. 147 (1993) (per curiam)." ROA.175-176 (emphasis added).

Throughout its Order, the district court relies heavily the aforementioned Supreme Court cases related to a right to access to criminal trials and criminal pretrial proceedings. Further, the district court also addresses *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983). Additionally, the district court erroneously asserts, while discussing *Chagra*, that "here [because] it takes place **in state court** does not impact the press and public's First Amendment right of access nor does it alter the reasoning set out by the Supreme Court in *Richmond Newspapers* and the long lines of cases following it." ROA.180. The procedures set forth in Texas Code of Criminal Procedure, Art. 15.17 for bringing an arrestee before a magistrate (magistration) are not state court criminal proceedings under *Richmond Newspapers, Inc.*, *Chagra* or other authority.

In *Richmond Newspapers, Inc.,* the Supreme Court addressed the closure of the fourth[2] criminal trial concerning the murder charge of the accused, "Stevenson

---

[2] "[T]he defendant's conviction after the first trial having been reversed on appeal, and two subsequent retrials having ended in mistrials), the Virginia trial court granted defense counsel's motion that the trial be closed to the public without any objections having been made by the prosecutor or by appellants, a newspaper and two of its reporters who were present in the courtroom, defense counsel having stated that he did not "want any information being shuffled back and forth when we have a recess as to . . . who testified to what." Later that same day, however, the trial judge granted appellant's request for a hearing on a motion to vacate the closure order, and appellants' counsel contended that constitutional considerations mandated that before ordering closure the court should first decide that the defendant's rights could be protected in no other way. But the trial judge denied the motion, saying that if he felt that the defendant's rights

16

was indicted for the murder of a hotel manager who had been found stabbed to death on December 2, 1975." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 559 (1980). The Supreme Court determined that "there was a guaranteed right of the public under the First and Fourteenth Amendments to attend" a criminal trial. *Id*. at 580. The Court reviewed the closure order challenged by the newspaper and two of its reporters who were present in the courtroom. The Court determined that "[d]espite the fact that this was the fourth trial of the accused, the trial judge made no findings to support closure[3]; no inquiry was made as to whether alternative solutions would have met the need to ensure fairness; there was no recognition of any right under the Constitution for the public or press to attend the trial." *Id.* at 580-581.

It is undisputed that *Richmond Newspapers, Inc.* and its progeny did not involve a challenge to the procedures prescribed by the Texas Legislature in Texas Code of Criminal Procedure, Article 15.17 for presentation of an arrestee before the

---

were infringed in any way and others' rights were not overriden he was inclined to order closure, and ordered the trial to continue "with the press and public excluded." The next day, the court granted defendant's motion to strike the prosecution's evidence, excused the jury, and found the defendant not guilty. Thereafter, the court granted appellants' motion to intervene *nunc pro tunc* in the case, and the Virginia Supreme Court dismissed their mandamus and prohibition petitions and, finding no reversible error, denied their petition for appeal from the closure order." *Id*. at 555.

[3] "There was no suggestion that any problems with witnesses could not have been dealt with by their exclusion from the courtroom or their sequestration during the trial. Nor is there anything to indicate that sequestration of the jurors would not have guarded against their being subjected to any improper information. All of the alternatives admittedly present difficulties for trial courts, but none of the factors relied on here was beyond the realm of the manageable. Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." *Id.* at 581 (internal citations omitted).

magistrate. Further, the reasoning and decision in *Richmond Newspapers, Inc.* does not support Plaintiffs' arguments for a preliminary injunction concerning the informal procedures prescribed under Article 15.17. Finally, Plaintiffs failed to demonstrate that *Richmond Newspapers, Inc.* and its progeny establish a constitutional right to participate in the Article 15.17 informal procedures.

In *Chagra,* the issue before the Court concerned a federal criminal proceeding before a United States Magistrate Judge concerning a bail reduction hearing. Following the April 15, 1982, indictment of El Paso attorney Joseph S. Chagra, his brother Jamiel A. ("Jimmy") Chagra, his brother's wife, Elizabeth Nichols Chagra, Charles Harrelson, and Harrelson's wife, Jo Ann Harrelson alleging that they conspired to murder United Stated District Judge John H. Wood, Jr., Chagra filed a motion to reduce the $1,500,000 bail set in the case involving the murder of Judge Wood and the $100,000 bail set in the income tax case. *Id.* at 356. A portion of the bail reduction hearing was ordered closed by the United States Magistrate Judge presiding over the hearing and the San Antonio Light and the San Antonio Express News objected to the closure of the hearing. *Id.* In *Chagra*, the Fifth Circuit noted that

> [i]n the case of state offenses a common procedure is for a nonjudicial officer, such as the police desk sergeant, to set bail in accordance with a fixed schedule. Even in the federal system, magistrates do not always make the bail determination in open court. Their decision may also be made at home or in chambers. **State magistrates sometimes fix**

**amounts at the police station, or during telephonic communications with the jail.** These informal procedures serve an important purpose. They allow the expeditious release of the defendant.

*Id*. at 363 (emphasis added). Therefore, "nothing in this opinion should be construed as forbidding the more informal bail procedures discussed above." *Id.* at 364 (emphasis added).

It is undisputed that *Chagra* did not involve a challenge to the procedures prescribed by the Texas Legislature in Texas Code of Criminal Procedure, Article 15.17 for presentation of an arrestee before the magistrate. The reasoning and decision in *Chagra* supports the informal procedures currently employed under Article 15.17 and refute the contentions of Plaintiffs that they have a constitutional right to participate in such informal proceedings.

The district court erred in determining that "[a]pplying this well-developed body of law, including the reasoning of *Chagra*, this Court finds that Plaintiffs are likely to show that the press and public have a presumptive First Amendment right to access magistrations in Caldwell County." ROA.178. Although the district court states that "the First Amendment right to access bail hearings is not absolute," the district court erred in its analysis that magistrates, on a case-by-case approach, are required to make findings before closing an Article 15.17 magistration. ROA.181. Further, the district court erred in determining that the press and public must be provided with notice and an opportunity to be heard. ROA. 181-182.

Even if the district court had jurisdiction in this matter, an issue of first impression, it erred as a matter of law in granting the preliminary injunction because Plaintiffs have no probability of success in proving that the press and public have access to those "communication(s) between the arrestee and the magistrate" as prescribed by Texas Code of Criminal Procedure, Articles 14.06 and 15.17, or that the press and public should have notice and an opportunity to be heard related to not having access to be present during these communications implicating the First and/or Fourteenth Amendment(s).

## CONCLUSION

Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge, the Honorable Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County, request that the Court reverse the district court's preliminary injunction and remand with instructions to dismiss Plaintiffs' claims or, alternatively, stay the injunction.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
State Bar Number: 24007585
ALLISON, BASS & MAGEE, L.L.P.
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

I, J. Eric Magee, attorney of record for Defendants-Appellants, hereby certifies that a true and correct copy of the above and foregoing Appellants' Brief was filed on the 7th of May 2024 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiffs-Appellees*

/s/ J. Eric Magee
J. Eric Magee

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 5,035 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

o this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2019, in 14-point Times New Roman Font, *or*

o this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

/s/ J. Eric Magee
J. Eric Magee
ALLISON, BASS & MAGEE, LLP
***Attorney for Defendants-Appellants***
Dated: May 7, 2024