No. 24-50135

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Texas Tribune; Mano Amiga; Caldwell/Hays Examiner,
Plaintiffs - Appellees

v.

Caldwell County, Texas; Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate; Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Mike Lane, in his official capacity as the Sheriff of Caldwell County,
Defendants – Appellants

---

On Appeal from the United States District Court for the
Western District of Texas, Austin Division
Civil Action No. 1:23-CV-910-RP
The Honorable Robert Pitman, Judge Presiding

---

**APPELLANTS' REPLY BRIEF**

---

J. Eric Magee
SBN: 24007585
ALLISON, BASS & MAGEE, L.L.P.

1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
Email: e.magee@allison-bass.com
*Counsel for Appellants*

# TABLE OF CONTENTS

APPELLANTS' REPLY BRIEF ................................................................................ i

TABLE OF CONTENTS .......................................................................................... ii

TABLE OF AUTHORITIES .................................................................................... iii

ARGUMENT .............................................................................................................1

A.   Objections to Plaintiffs-Appellees' Statement of the Case. ..............................1

B.   Response to Plaintiffs-Appellees' Arguments .....................................5

1.  Plaintiffs failed to establish Fedearl-Court Jursidiction over this lawsuit. ...........5

2.  Plaintiffs erroneously assert that the district court correctly held that they have a likelihood of success on the merits based on a presumptive First Amendment right to access to magistration ...............................................................................7

CONCLUSION .........................................................................................................9

CERTIFICATE OF SERVICE ................................................................................10

CERTIFICATE OF COMPLIANCE ......................................................................10

## TABLE OF AUTHORITIES

Cases

*In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984) ...................................3

*Richmond Newspapers, Inc. v. Virgnia*, 448 U.S. 555 (1980) ..............................3, 7

*Russell v. Harris Cnty., Tex.*, 454 F. Supp. 3d 624 (S.D. Tex. 2020) ...................2, 3

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983) ................................... 3, 6, 7

Statutes

Tex. Code Crim. Proc. Ann. Art. 14.06(a)........................................................ passim
Tex. Code Crim. Proc. Ann. Art. 15.17 ............................................................ passim
Tex. Loc. Gov't Code Ann. §351.041 ...................................................................3

Rules

Fed. R. App. P. 28.....................................................................................................4
Fed. R. App. P. 32(a) ..............................................................................................10
U.S. CONST. art. III .................................................................................................7

Other Authorities

Tex. Att'y Gen. Op. MW-78 (1979)..........................................................................8

**TO THE HONORABLE COURT OF APPEALS:**

Defendants – Appellants Caldwell County, Texas; Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate; Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate; Mike Lane, in his official capacity as the Sheriff of Caldwell County, ("Defendants") file their reply brief and, in support thereof, respectfully show the following:

**ARGUMENT**

**A.     Objections to Plaintiffs-Appellees' Statement of the Case.**

In the Brief of Plaintiffs-Appellees, Texas Tribune, Mano Amiga and Caldwell/Hays Examiner ("Plaintiffs") provide an inappropriate and misleading recitation of the Statement of the Case. *See* Brief of Appellees, pgs. 4-14. In their Statement of the Case, Plaintiffs provide inexcusable "arguments" in various subsections entitled:  (1) Defendants Adopted and Maintained a Policy of Closing All Magistration Proceedings to the Press and Public; (2) Defendants Refused Plaintiffs Access to Magistration Pursuant to the Blanket Closure Policy; (3)

Defendants; Blanket Closure Policy Inhibited Plaintiffs from Pursuing Their Organizational Goals; and (4) Procedural History. *Id*.

The following demonstrates, in part, the misleading information and improper argument in Plaintiffs-Appellees' Statement of the Case:

(1) As authority, Plaintiffs cite to *Russell v. Harris Cnty., Tex.* for the proposition that "magistration" is defined as "this 'first postarrest hearing'[,] is interchangeably 'called a magistration, Article 15.17 hearing, bail hearing or probable cause hearing.'" *Russell v. Harris Cnty., Tex.*, 454 F. Supp. 3d 624, 630 (S.D. Tex. 2020). In *Russell*, Plaintiffs, in part, challenge the constitutionality of "Governor Greg Abbott's Executive Order GA-13, which limits state district judges' discretion to issue personal bonds during the COVID-19 crisis."[1] *Id.* at 626. It was plaintiffs that describe Harris County's bail procedures (relying largely on the declarations of Harris County's Chief Public Defender) as:

> Based on the offense charged, arrestees are either required to remain in custody until a hearing officer, not a district judge, determines the conditions of release at a probable cause hearing, or they are assigned a predetermined amount of money for release. (Docket Entry No. 32 at 7–8). If an arrestee cannot pay that predetermined amount, he remains detained until a hearing. (*Id.* at 8). The first postarrest hearing, called a magistration,

---

[1] "These motions and opinion are not directly about prison conditions or whether public health is best served by releasing which arrestees. They are instead about the process and timing of individualized hearings to determine whether a particular pretrial felony arrestee can be dismissed on a personal bond. The plaintiffs ask this court to authorize the Harris County Sheriff to release many felony arrestees, who have not had a trial or been convicted, and cannot post the upfront payment based on bail-schedule amounts, if they do not promptly get formal, individualized, evidentiary hearings to determine whether they could be safely released on a personal bond." Id. at 626. "After careful consideration of the motions, the State intervenors' responses, the parties' arguments in the many teleconferences, the applicable law, the views of the interested nonparties, the sparse record, and the court's limited authority, the court denies the plaintiffs' motions for temporary restraining orders." *Id.*

> Article 15.17 hearing, bail hearing or probable cause hearing, is slated to occur within 48 hours of arrest. (*Id.* at 9).[2]

Plaintiffs-Appellees' Brief, pg. 4.

(2) In contradiction, Plaintiffs' subsections I through III reference a "policy of closing all magistration proceedings to the press and public" and/or a "blanket closure policy," while acknowledging that: (i) "[t]he statute defining magistration is silent on the issue of public access. Tex. Code Crim. P., Art. 15.17(a)"; and (ii) "State law does not specify where magistration must take place and instead leaves that decision to magistrates. Tex. Code Crim. P., Art. 15.17(a)." *See* Plaintiffs-Appellees' Brief, pg. 5 and 6; *see generally*, *id*. at subsections I (pgs. 4-7 ); II (pgs. 7-9); and III (pgs. 9-10).

(3) Plaintiffs cite to Texas Local Government Code, section 351.041(a) to support their assertion that "Sheriff Lane is responsible for ensuring that jail personnel take arrestees to the room inside the jail that is designated for magistration." Plaintiffs-Appellees' Brief, pgs. 6-7. Texas Local Government Code, section 351.041, does not refer to magistration nor the presentation of the arrestee before a magistrate pursuant to Texas Code of Criminal Procedure, article 15.17. Specifically, section 351.041 provides that "[t]he sheriff of each county is the keeper of the county jail. The sheriff shall safely keep all prisoners committed to the jail by a lawful authority, subject to an order of the proper court" and that "[t]he sheriff may appoint a jailer to operate the jail and meet the needs of the prisoners, but the sheriff shall continue to exercise supervision and control over the jail." Tex. Loc. Gov't Code §351.041.

(4) Finally, Plaintiffs cite to *United States v. Chagra*, *Richmond Newspapers, Inc. v. Virgnia*, and *In re Globe Newspaper Co.*[3] from the district court's preliminary injunction ruling to support their interpretation of constitutional requirements; however, such arguments and misapplication

---

[2] Docket Entry No. 32 is Plaintiffs' Motion and Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction. *See Russell v. Harris County*, Case No. 4:19-cv-00226, in the United States District Court for the Southern District of Texas, Houston Division.
[3] *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983); *Richmond Newspapers, Inc. v. Virgnia*, 448 U.S. 555 (1980); and *In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir. 1984).

of those precedents are the subject of this appeal. The district court made it clear that "the specific question in this case—whether a First Amendment right to access magistrations in Texas exists—may be an issue of first impression[.]" ROA.175-176.

Federal Rules of Appellate Procedure require the Appellant to include "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." FED. R. APP. P. 28(a)(6). "Appellee's Brief must conform to the requirements of Rule 28(a)(1)-(8)" and a statement of the case is not required "unless an appellee is dissatisfied with the appellant's statement." *Id*. at (b). In 2013, the Advisory Committee noted that the current Rule 28(a)(6) is modeled after the Supreme Court's Rule 24.1(g) and discussed the requirements of this section of any briefs. *Id.* 28(a)(6) advisory committee's note to 2013 amendment; Supreme Court Rule 24.1(g) (Briefs on the Merits in General must include "[a] concise statement of the case, setting out the facts material to the consideration of the questions presented, with appropriate references to the joint appendix.").

These subsections are distinct from "argument" subsections, requiring Plaintiffs to include their "contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies." FED. R. APP. P. 28(b) and 28(a)(8)(A); *see* Supreme Court Rule 24.1(i) (Briefs on the Merits must include

"[t]he argument, exhibiting clearly the points of fact and of law presented and citing the authorities and statutes relied on.").

Defendants object to sections I through IV of the Statement of the Case in – Plaintiffs-Appellees' Brief as they violate the Federal Rules of Appellate Procedure, as these statements are not accurate representations of fact but, at best, highly biased opinions that make the basis of their argument.

### B.  Response to Plaintiffs-Appellees' Arguments

#### 1. Plaintiffs failed to establish Federal-Court Jurisdiction over this lawsuit.

Plaintiffs repeatedly assert that the nature of this lawsuit is a federal constitutional challenge to the manner in which Defendants conduct magistrations in Caldwell County, Texas; however, Plaintiffs have not and cannot provide any case precedent supporting their theory that some hypothetical constitutional requirement exists for Defendants to provide access to "the press or public with notice of when magistration proceedings would occur or the names of the arrestees to be magistrated [or provide] the press or public with the opportunity to be heard prior to closure of any magistrations."  Plaintiffs-Appellees' Brief, pgs. 18-20; *see also*, pg. 7.  In fact, the district court recognized that "the specific question in this case—whether a First Amendment right to access magistrations in Texas exists—may be an issue of first impression[.]" ROA.175-176.

Contrary to Plaintiffs' assertion of a right to access, the very purpose of this lawsuit is a direct challenge to those duties prescribed in Texas Code of Criminal Procedure, article 15.17 and an attempt to impose additional "mandates" into Article 15.17. Plaintiffs agree that Article 15.17 is silent on the issue of public access and does not specify where magistration must take place, leaving that decision to magistrates. Tex. Code Crim. P., Art. 15.17(a); *see* Plaintiffs-Appellees' Brief, pg. 5 and 6. As this Court has determined, federal "magistrates do not always make the bail determination in open court. Their decision may also be made at home or in chambers. State magistrates sometimes fix amounts at the police station, or during telephonic communications with the jail." *United States v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983).

Plaintiffs fail to establish the existence of a constitutional right for the press and public to have access to the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17; specifically, that the press and public are required to (1) receive notice of when magistration proceedings would occur and the names of the arrestees to be magistrated; (2) have access to those "communication(s) between the arrestee and the magistrate"; and (3) receive notice and an opportunity to be heard when the press and public would not have access. Plaintiffs cannot circumvent the constitutional requirement of an actual case or controversy by attempting to manufacture an injury

to confer Article III standing to establish a hypothetical constitutional right under the First and Fourteenth Amendments of the Constitution to participate in Texas Code of Criminal Procedure, Art. 15.17 magistrations. Essentially, Plaintiffs are attempting to have this Court issue an advisory opinion concerning notice of and public access to, including location and means of access, the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17.

2. **Plaintiffs erroneously assert that the district court correctly held that they have a likelihood of success on the merits based on a presumptive First Amendment right to access to magistration.**

Plaintiffs continue to erroneously assert that a presumptive First Amendment right to access exists for the press and public to access to the presentation of an arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17. Plaintiffs-Appellees' Brief, pgs. 20-30. Further, Plaintiffs are incorrect that not being granted access to the presentation of an arrestee before a magistrate is a *per se* violation of a presumptive First Amendment. *Id*. at 30-31. Further, Plaintiffs erroneously assert that they have a due process right to notice and an opportunity to be heard when access would be denied to magistration. *Id*. at 31-32.

It is undisputed that all of the case precedent cited by Plaintiffs, including but not limited to, *Richmond Newspapers, Inc.* and *Chagra* and their progeny, do not

address any challenge related to a magistrate performing the duties prescribed by the Texas Legislature in Texas Code of Criminal Procedure, Article 15.17. The process for presentation of an arrestee before a magistrate does not implicate a constitutional right for the press and public to participate in such informal proceedings. Any such advisory opinion determining that the press or public have a constitutional right to receive notice of when magistration proceedings would occur, the names of the arrestees to be magistrated, access to appear at magistration and an opportunity to be heard prior to closure of any magistrations defeats the intent of Articles 14.06 and 15.17 to promptly bring the arrestee before a neutral and detached magistrate. Texas law requires that the arrestee be taken without unnecessary delay, but not later than 48 hours after the arrest, before the magistrate. *See* Tex. Code Crim. Proc. Ann. Art. 14.06(a) and Art. 15.17(a).

As the Plaintiffs note, the Texas Attorney General determined that "[u]nder article 15.17, Code of Criminal Procedure, the magistrate may give warnings anywhere in the county but he has no duty to travel to any certain place in order to give the warnings." Plaintiffs-Appellees' Brief at fn. 6; *see also*, Tex. Att'y Gen. Op. MW-78 (1979). "There is no provision in article 15.17 as to where the warnings must be issued." *Id*. "Presumably it may be anywhere in the county where the magistrate may be found, including the county jail." *Id*.

## CONCLUSION

Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge, the Honorable Matt Kiely, in his official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Shanna Conley, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Anita DeLeon, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, the Honorable Yvette Mireles, in her official capacity as Caldwell County Justice of the Peace and Caldwell County Magistrate, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County, request that the Court reverse the district court's preliminary injunction and remand with instructions to dismiss Plaintiffs' claims or, alternatively, stay the injunction.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
State Bar Number: 24007585
ALLISON, BASS & MAGEE, L.L.P.
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

# CERTIFICATE OF SERVICE

I, J. Eric Magee, attorney of record for Defendants-Appellants, hereby certifies that a true and correct copy of the above and foregoing Appellants' Reply Brief was electronically filed on the 27th of June 2024 with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Eric Magee
J. Eric Magee

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 2267 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(f), *or*

o this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2019, in 14-point Times New Roman Font, *or*

o this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

/s/ J. Eric Magee
J. Eric Magee
ALLISON, BASS & MAGEE, LLP
***Attorney for Defendants-Appellants***
Dated: June 27, 2024
